**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CINCINNATI INSURANCE COMPANY, as subrogee of S&S ALLOY STEEL, INC.,

Plaintiff,

v.

MAKITA U.S.A., INC.,

Defendant.

Case No. 2:21-cv-02001

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Makita U.S.A., Inc. (hereinafter "Makita" or "Defendant"), with a full reservation of any and all rights, claims, and defenses of any nature whatsoever, including, but not limited to objections to service, venue, and statute of limitations, hereby removes the above-captioned action from the District Court of Leavenworth County, State of Kansas, to the United States District Court for the District of Kansas. In support of its removal, Defendant states as follows:

1. On or after December 3, 2020, Plaintiff Cincinnati Insurance Company, as subrogee of S&S Alloy Steel, Inc. ("Plaintiff"), filed its Petition against Makita in the District Court of Leavenworth County, State of Kansas, Case No.: 2020-CV-000250.

2. On December 14, 2020, Plaintiff served a Summons and Petition on Makita. True and correct copies of these documents are attached hereto as Exhibit A.

3. Makita timely files this Notice of Removal within thirty days after Plaintiff's service of process. 28 U.S.C. § 1446(b)(1).

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because (i) the Court has original jurisdiction under 28 U.S.C. § 1332 and (ii) Defendant has satisfied the procedural requirements for removal.

## I. THE PARTIES ARE COMPLETELY DIVERSE AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

5. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. *The Parties are Completely Diverse.*

6. Plaintiff is, and has been at all relevant times, an Ohio insurance company with its principal place of business located in the State of Ohio. (Pet. ¶ 1.) Accordingly, Plaintiff is a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1).

7. Plaintiff's insured, S&S Alloy Steel, Inc. (S&S), is, and has been at all relevant times, a corporation organized under the laws of the State of Kansas with its principal place of business in Kansas. (Pet. ¶ 3). Accordingly, Plaintiff's insured is a citizen of Kansas. *See* 28 U.S.C § 1332(c)(1).

8. Defendant Makita is, and has been at all relevant times, a corporation organized and existing under the laws of the State of California with its principal place of business in California. Accordingly, Makita is a citizen of California. *See* 28 U.S.C. § 1332(c)(1).

9. In accordance with 28 U.S.C. § 1332(a)(1), complete diversity of citizenship exists because the parties are citizens of different states. Furthermore, this action is removable because Defendant is not a citizen of the state in which this action was commenced. *See* 28 U.S.C. § 1441(b)(2).

**B. *The Amount-In-Controversy Requirement is Satisfied.***

10. Plaintiff's Petition is a subrogation property damage case alleging damages in excess of $1.5 million. (Pet. ¶ 13.) As such, this representation along with the extent of the economic damages alleged in Plaintiff's Petition establishes that the amount in controversy exceeds $75,000. *Id.*

11. As an initial matter, the Petition states that Plaintiff has to date paid its insured "an amount in excess of $1.5 million." *Id.* Plaintiff also requests, in its prayer for relief, "damages in a fair and reasonable amount in excess of $75,000.00." (Pet. Prayer for Relief.) The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir.1970), *See also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.) cert denied, 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995) (the amount in controversy is determined by the complaint, if dispositive.). Here, the allegations in Plaintiff's Petition are dispositive as to the amount in controversy.

12. Plaintiff seeks recovery for damages allegedly caused by a defective Makita battery, battery charger, or power tool ("the Products"). According to the Petition, the Products allegedly caused a fire on the property of S&S, causing damage to the property, its contents, and a vehicle. (Pet. ¶ 9.) As a result of the fire, Plaintiff claims to have sustained damages in an unspecified amount exceeding $1.5 million. (Pet. ¶ 13).

13. The amount in controversy requirement is satisfied by Plaintiff's allegations of, *inter alia*, damage to property and personal property.

**II. MAKITA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

14. No previous application has been made for the relief requested herein.

15. Plaintiff served its Summons and Petition upon Makita on December 14, 2020. Consequently, this Notice of Removal is timely pursuant to 28 U.S.C. §§ 1441 and 1446, as it is being filed within thirty days after service of the Summons and Petition upon Makita.

16. Makita's Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as the United States District Court for the District of Kansas encompasses the District Court of Leavenworth County, Kansas, where Plaintiff's action is pending.

17. As required by 28 U.S.C. § 1446(a), Makita encloses herewith as Exhibit A which includes all process, pleadings, and orders served upon Makita in this action.

18. Contemporaneous herewith and pursuant to 28 U.S.C. § 1446(d), Makita is filing a written notice of this removal with the clerk of the Circuit Court of Leavenworth County, Kansas, where Plaintiff's action is pending, and serving copies of this Notice of Removal and the written notice of same on all counsel of record. A true and correct copy of this document is attached hereto as Exhibit B.

19. Removal of this case is just and proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, Makita U.S.A., Inc. respectfully removes this action to this Court from the District Court of Leavenworth County, Kansas, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: January 4, 2021

Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By: *_/s/ Christina M. Wahl_*
Christina M. Wahl, KS Bar #23406
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: (816) 561-7007
Facsimile: (816) 561-1888
E-mail cwahl@berkowitzoliver.com

and

Jonathan T. Barton
(*Pro Hac Vice* application *to be filed)*
W. David Mueller
(*Pro Hac Vice* application *to be filed)*
STANTON | BARTON, LLC
8000 Maryland Avenue, Suite 450
St. Louis, Missouri 63105
Telephone: (314) 455-6500
Facsimile: (314) 455-6524
E-mail: jbarton@stantonbarton.com
E-mail: dmueller@stantonbarton.com

***Attorneys for Defendant Makita U.S.A., Inc.***

**CERTIFICATE OF SERVICE**

This is to certify that on January 4, 2021, I electronically filed the above pleading with the Clerk of Court using the CM/ECF system, which will cause the document to be served upon all counsel of record. I further certify that a true and correct copy was e-mailed to the following counsel of record:

Mark A. Ferguson
Gates Shields Ferguson Swall Hammond, P.A.
10990 Quivira, Suite 200
Overland Park, Kansas 66210
Telephone: (913) 661-0222
Facsimile: (913) 491-6398
Email: MarkFerguson@GatesShields.com

Anooj M. Thakrar
Grotefeld Hoffmann
Shepherd Mountain Plaza
6034 West Courtyard Drive, Suite 200
Austin, Texas 78730
Telephone: (737) 226-5600
Facsimile: (312) 601-2402
E-mail: athakrar@ghlaw-llp.com

***Attorneys for Plaintiff***

/s/ *Christina M. Wahl*
***Attorney for Defendant Makita U.S.A., Inc.***